## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING** |
| | ) | **DEFENDANT'S MOTION** |
| vs. | ) | |
| | ) | Case No. 4:09-cr-32 |
| Michael Paul Baker, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a pro se "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b) and/or (6) Motion" filed by the Defendant on March 10, 2020. See Doc. No. 80. For the reasons set forth below, the motion is dismissed.

## I.    BACKGROUND

On April 8, 2009, Baker was charged by indictment with aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 2241(c) and 1153. See Doc. No. 2. On May 5, 2009, a superseding indictment was filed charging Baker with aggravated sexual abuse of a child. See Doc. No. 19. On August 19, 2009, a plea agreement was filed. See Doc. No. 27. The plea agreement was arrived at based upon the fact that if Baker was convicted of the charge in the indictment, the Sentencing Guideline calculation would have resulted in a mandatory life sentence. See Doc. No. 59, p. 4. On September 15, 2009, Baker pled guilty to the superseding indictment. See Doc. Nos. 33, 59. At the sentencing hearing on February 1, 2010, the Government and Baker's attorney both recommended a 30-year sentence. See Doc. No. 60, pp. 6, 8. The Court sentenced Baker to 360-months

imprisonment, with credit for time served, followed by five years of supervised release.  See Doc. No. 38.  No appeal was taken.

On September 8, 2015, Baker filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  See Doc. No. 53.  On December 7, 2015, the Court denied the motion.  See Doc. No. 61.  Baker appealed.  The Eighth Circuit Court of Appeals dismissed his appeal on May 1, 2018.  See Doc. No. 76.  On July 15, 2020, the Eighth Circuit Court of Appeals denied Baker's petition for authorization to file a successive habeas application in the district court.  See Doc. No. 78.  Now before the Court is a Rule 60(b) motion filed on March 10, 2020.  See Doc. No. 80.  Also before the Court is a motion to compel defense counsel to produce his case law.  See Doc. No. 81.


## II.   LEGAL ANALYSIS

The Eighth Circuit Court of Appeals has instructed that when a criminal defendant files a Rule 60(b) motion following the dismissal of Section 2255 motions, the first action of the district court should be a brief inquiry into whether the motion is really a second or successive Section 2255 motion.  Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  Federal inmates may not file a "second or successive" motion under Section 2255 without pre-approval from the "appropriate court of appeals."  28 U.S.C. § 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005).  If the Rule 60(b) motion is actually a successive Section 2255 motion, the district court may either dismiss the motion for failure to obtain a certificate of appealability or transfer the motion to the court of appeals.  Id.  The reason for this requirement is so inmates may not bypass the

2

authorization requirements of Section 2255 by invoking some other procedure. Id. (internal citations omitted).

A Rule 60(b) motion is not a second chance to reargue substantive arguments rejected by the district court in the defendant's Section 2255 motion or raise new substantive arguments which the first motion did not address. Cf. Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (addressing the limited but valid applicability of Rule 60(b) to habeas petitions under 28 U.S.C. § 2254). If a Rule 60(b) motion attacks the court's denial of the Section 2255 motion on procedural rather than substantive grounds, the Rule 60(b) motion should not be treated as a successive Section 2255 motion. Id. Arguments which attack the underlying conviction or sentence are generally substantive in nature, while arguments which attack the integrity or legitimacy of the habeas proceeding itself are procedural in nature. See Reid v. Angelone, 369 F.3d 363, 375 (4th Cir. 2004); Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004).

In his current motion, Baker essentially asks the Court to reconsider its prior denial of habeas relief and reargues the issues raised in that motion. See Doc. No. 80. Upon careful review of the motion, the Court finds the current motion is essentially a second or successive motion under 28 U.S.C. § 2255. The Court finds the current motion is substantive rather than procedural in nature as Baker attempts to reargue the issues raised in his prior Section 2255 motion. As noted above, Baker has previously filed a motion under Section 2255. The record reveals Baker sought authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255 and that request was denied. The Court finds that the current motion is a second or successive motion under Section 2255 filed without authorization from the Eighth Circuit Court of Appeals and thus is barred by 28 U.S.C. § 2255(h).

3

III.    **CONCLUSION**

After carefully reviewing the entire record and the relevant law, the Court finds that the Defendant's purported Rule 60(b) motion is in reality a second or successive motion under 28 U.S.C. § 2255, filed without first obtaining authorization from the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h).  Accordingly, the Court issues the following **ORDER**:

1)    The Defendant's Rule 60 motion (Doc. No. 80) is **DISMISSED** and the Defendant's motion to compel (Doc. No. 81) is **DENIED**.

2)    The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3)    Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).  If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2020.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court